**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| SURFX TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ONTOS EQUIPMENT SYSTEMS, INC. and<br>SET NORTH AMERICA, LLC<br><br>Defendants. | Civil Action No. _____<br><br>**Jury Trial Demanded** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Surfx Technologies, LLC ("Surfx"), by and through its undersigned counsel, brings this complaint against Defendants ONTOS Equipment Systems, Inc. ("ONTOS") and SET North America, LLC ("SETNA") (collectively, "Defendants"), and alleges as follows:

**NATURE OF THE ACTION**

1.      This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, for infringement of U.S. Patent No. 9,406,485 (the "'485 Patent"), U.S. Patent No. 10,032,609 (the "'609 Patent"), U.S. Patent No. 10,800,092 (the "'092 Patent"), and U.S. Patent No. 11,518,082 (the "'082 Patent") (collectively, "Patents-in-Suit").

**THE PARTIES**

2.      Plaintiff Surfx is a California limited liability company with its principal place of business at 2631 Manhattan Beach Blvd., Redondo Beach, California.

1

3.      On information and belief, Defendant ONTOS is a corporation organized and existing under the laws of New Hampshire, with a principal place of business at 343 Meadow Fox Lane, Chester, New Hampshire.

4.      On information and belief, Defendant SETNA is a limited liability company organized and existing under the laws of New Hampshire, with a principal place of business at the same location as ONTOS, 343 Meadow Fox Lane, Chester, New Hampshire.

5.      ONTOS makes and sells the infringing atmospheric plasma systems in the United States and worldwide.  ONTOS identifies SETNA as its North American contact.

6.      SETNA's website (https://set-na.com/) states that ONTOS is "a sister company founded by SETNA," and lists ONTOS as the manufacturer of the infringing atmospheric plasma systems that SETNA sells.  SETNA also touts itself as a "Manufacturing, Sales and Service Organization" offering additional products integrated with ONTOS' infringing atmospheric plasma systems.

7.      ONTOS and SETNA have multiple officers in common, including Matthew Phillips and Michael Stead.  Matthew Phillips is ONTOS' Chief Executive Officer and Owner, and SETNA's President and Founder.  Michael Stead is ONTOS' Applications Engineer, and has the title at SETNA of Product Specialist and Apps Support.

8.      On information and belief, ONTOS and SETNA have overlapping roles and/or act in concert in developing, manufacturing, using, marketing, distributing, offering for sale, selling, importing, servicing, and/or supporting infringing atmospheric plasma systems and equipment incorporating such systems in the United States, including in this District, and in supplying from the United States components of such systems for combination outside of the United States in an infringing manner.

2

**JURISDICTION AND VENUE**

9.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq*.

10.     This Court has personal jurisdiction over ONTOS because (i) it is incorporated in New Hampshire, (ii) it has its principal place of business in Chester, New Hampshire, and (iii) it committed acts giving rise to this action within and/or directed to this State and this judicial district and has established minimum contacts within the forum such that the exercise of jurisdiction over ONTOS would not offend traditional notions of fair play and substantial justice. ONTOS has established contacts with the forum and purposefully availed itself of this jurisdiction by committing and continuing to commit acts of patent infringement, or inducing or contributing to others doing the same, in this District.

11.     This Court has personal jurisdiction over SETNA because (i) it is incorporated in New Hampshire, (ii) it has its principal place of business in Chester, New Hampshire, and (iii) it committed acts giving rise to this action within and/or directed to this State and this judicial district and has established minimum contacts within the forum such that the exercise of jurisdiction over SETNA would not offend traditional notions of fair play and substantial justice. SETNA has established contacts with the forum and purposefully availed itself of this jurisdiction by committing and continuing to commit acts of patent infringement, or inducing or contributing to others doing the same, in this District.

12.     Venue properly lies in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and 1400(b) at least because ONTOS and SETNA are New Hampshire corporations and therefore reside in this District.

13.     Venue is also proper in this District under 28 U.S.C. §§ 1391(b)(2) and 1400(b) at least because, on information and belief, ONTOS and SETNA regularly do business in this District through established distribution channels, and/or have committed infringing acts in this District, including one or more acts of making, using, offering for sale, selling, and importing infringing products into the United States, or providing service and support to customers in this District in connection with such products.

## FACTUAL BACKGROUND

14.     Surfx is a pioneering innovator of atmospheric plasma systems and has been at the forefront of surface treatment and materials processing innovation for more than two decades. Founded in 1999, Surfx was established to advance plasma-based technologies beyond the limitations of conventional approaches and to enable reliable, high-performance surface preparation in industrial environments.  Through sustained research and development, Surfx has become a recognized leader in atmospheric plasma technology, providing solutions used in applications ranging from semiconductor packaging and printed circuit board assembly to aerospace and medical device manufacturing.

15.     In microelectronics and semiconductor manufacturing, the condition of the surface is critical to downstream process steps, including bonding, plating, adhering, deposition, device assembly, and device packaging. Effective surface preparation often requires removing organic contamination, reducing or removing native oxides, and activating the surface to promote adhesion or joining performance.

16.     Plasma-based surface treatment technologies use energized gases to generate reactive species that interact with a target surface to remove contaminants, modify surface chemistry, and improve adhesion.  Conventional plasma processing has in the past relied on

vacuum-based systems to generate and control these reactive species, which constrain throughput, increase cost, and limit integration into modern manufacturing lines.

17.    Surfx developed and launched its own proprietary atmospheric-pressure plasma systems that address these limitations by enabling plasma-based surface treatment at low temperature and in open-air environments at atmospheric pressure without the need for costly vacuum chambers, allowing integration seamlessly into production settings where throughput, repeatability, and process control are essential.

18.    Protecting its innovations is a core component of Surfx's business. To that end, Surfx has built a substantial portfolio of patents, including the four Patents-in-Suit, covering key aspects of its atmospheric plasma systems and methods, including technologies for generating stable plasma at atmospheric pressure, controlling reactive species, and enabling uniform and reliable surface treatment.

19.    This suit arises from Defendants' infringing activities in the same technological field.  ONTOS and SETNA directly compete with Surfx for customers in the sale of plasma systems.  As described further below, Defendants are aware of Surfx's development and protection of its atmospheric plasma technology through its patent portfolio.  Despite that knowledge, Defendants have never sought or obtained any license, authorization, or permission from Surfx to use its patented technologies, including those claimed in the Patents-in-Suit.  Surfx brings this action to hold ONTOS and SETNA accountable for their infringing use of Surfx's patented technology, to provide redress to Surfx for the damage Defendants have caused, and to end their ongoing infringement and prohibit any future infringement.

**THE PATENTS-IN-SUIT**

20.    On August 2, 2016, U.S. Patent No. 9,406,485 (the "'485 Patent"), entitled "Argon and Helium Plasma Apparatus and Methods," was issued by the United States Patent and Trademark Office.

21.    A copy of the '485 Patent is attached as Exhibit 1.

22.    The '485 Patent is assigned to Surfx, and has been at all relevant times. Surfx is the owner of the '485 Patent with the right to enforce the '485 Patent.

23.    The '485 Patent is in force.

24.    On July 24, 2018, U.S. Patent No. 10,032,609 (the "'609 Patent"), entitled "Low Temperature Atmospheric Pressure Plasma Applications," was issued by the United States Patent and Trademark Office.

25.    A copy of the '609 Patent is attached as Exhibit 2.

26.    The '609 Patent is assigned to Surfx, and has been at all relevant times. Surfx is the owner of the '609 Patent with the right to enforce the '609 Patent.

27.    The '609 Patent is in force.

28.    On October 13, 2020, U.S. Patent No. 10,800,092 (the "'092 Patent"), entitled "Low Temperature Atmospheric Pressure Plasma for Cleaning and Activating Metals," was issued by the United States Patent and Trademark Office.

29.    A copy of the '092 Patent is attached as Exhibit 3.

30.    The '092 Patent is assigned to Surfx, and has been at all relevant times. Surfx is the owner of the '092 Patent with the right to enforce the '092 Patent.

31.    The '092 Patent is in force.

32.     On December 6, 2022, U.S. Patent No. 11,518,082 (the "'082 Patent"), entitled "Low Temperature Atmospheric Pressure Plasma for Cleaning and Activating Metals," was issued by the United States Patent and Trademark Office.

33.     A copy of the '082 Patent is attached as Exhibit 4.

34.     The '082 Patent is assigned to Surfx, and has been at all relevant times.  Surfx is the owner of the '082 Patent with the right to enforce the '082 Patent.

35.     The '082 Patent is in force.

36.     On information and belief, Defendants have had actual and/or constructive knowledge of the Patents-in-Suit before the filing of this Complaint.

37.     Pursuant to 35 U.S.C. § 287, Surfx has provided notice of the Patents-in-Suit by marking its patented products with the Patents-in-Suit.  Since at least February 19, 2019, Surfx has marked its products through its website www.surfxtechnologies.com as covered by the '485 and '609 Patents.  Since at least September 3, 2023, Surfx has further marked its products through the same website as additionally covered by the '092 and '082 Patents.

38.     Since at least June 2023, Surfx has also physically marked and continued marking its patented products and/or their packaging materials with the Patents-in-Suit.

39.     Accordingly, at least as early as February 19, 2019, ONTOS and SETNA had constructive notice of the '485 and '609 patents, and at least as early as June 2023, ONTOS and SETNA had constructive notice of the '092 and '082 patents.

40.     Further, on June 2, 2020, the United States Patent and Trademark Office issued U.S. Patent No. 10,672,594 (the "'594 Patent").  On information and belief, ONTOS was the original assignee of the '594 Patent and received that assignment prior to or on June 2, 2020 from the named inventors, including Matthew Phillips and Michael Stead.  The '485 Patent is cited as

prior art by the '594 Patent.  On information and belief, at all relevant times, Matthew Phillips and Michael Stead have held senior leadership and core technical roles across both ONTOS and SETNA.  *See supra* ¶ 7.  As such, at least as early as June 2, 2020, ONTOS and SETNA, by and through its relationship with Matthew Phillips and Michael Stead, had actual knowledge of the '485 Patent.  In fact, in parallel with the prosecution of the '594 Patent, ONTOS filed a related PCT application and, on January 26, 2018, the International Searching Authority issued an International Search Report and Written Opinion that explicitly cited the '485 Patent as prior art related to all pending claims.  As such, Defendants had actual knowledge of or were willfully blind to the '485 Patent at least as early as January 26, 2018.  The '485 Patent is the parent patent to the other Patents-in-Suit, which are all related and share substantially the same specification.  On information and belief, as Defendants obtained actual knowledge of the '485 Patent, for reasons further discussed below, they followed Surfx's patent portfolio, and thus knew, should have known, or were willfully blind as to the existence of the other Patents-in-Suit when they each issued.

41.     Further, on May 31, 2023, Robert Hicks, Ph.D., President of Surfx and a named inventor of the Patents-in-Suit, personally met with Matthew Phillips at the Electronic Components and Technology Conference ("ECTC") in Florida.  Following that meeting, on September 13, 2023, Dr. Hicks sent a letter to ONTOS addressed to Mathew Phillips, stating that Surfx's "atmospheric argon plasma apparatus, methods and uses are covered by" its patent portfolio, citing specifically to the Patents-in-Suit, and demanding that ONTOS cease its use of Surfx's intellectual property.  Accordingly, at least as early as September 13, 2023, ONTOS and SETNA, by and through its relationship with Matthew Phillips, knew, should have known or were willfully blind

as to the existence of the Patents-in-Suit and to Surfx's assertions regarding ONTOS and SETNA's infringing activities in relation to those patents.

42.     Further, Surfx's patented technology, its patent portfolio, and, in particular, the Patents-in-Suit, were widely known and referenced within the plasma processing industry, particularly in semiconductor manufacturing and industrial surface treatment applications, where Surfx and Defendants directly compete.  The Patents-in-Suit have been widely cited by U.S. patents and publications assigned to well-known industry participants, including Lam Research Corporation, Tokyo Electron Limited, Ford Global Technologies, Inc., and Applied Materials, Inc. *See* https://patents.google.com/patent/US9406485B1 (the '485 Patent cited by at least 28 patents and publications since 2016 including the '594 Patent); *see also* https://patents.google.com/patent/US10032609B1 (the '609 Patent cited by at least 10 patents and publications since 2019); https://patents.google.com/patent/US10800092B1 (the '092 Patent cited by at least 10 patents and publications since 2020); https://patents.google.com/patent/US10032609B1 (the '082 Patent cited by at least 10 patents and publications since 2022).

43.     In addition to the ECTC, Surfx, ONTOS, and SETNA have all participated in the same industrial forums, conferences, and trade organizations where Surfx presented its patented technology.  For example, Surfx and ONTOS are both active participants in SEMICON, a leading series of trade shows and exhibitions for the semiconductor and electronics design and manufacturing supply chain. Throughout many years, Surfx exhibited its patented products at SEMICON at which ONTOS also participated.  As another example, Surfx, ONTOS, and SETNA have all participated in the International Microelectronics Assembly and Packaging Society ("IMAPS"), which frequently hosts conferences and events where Surfx exhibited and presented

its patented technology. The plasma processing industry is a tight-knit community in which participants closely follow the technological developments and other participants' actions.

44.    Therefore, in view of the industry knowledge, the public availability and wide recognition of the Patents-in-Suit, Surfx's diligent marking practices, Defendants' citation of Surfx's parent patent in connection with ONTOS' patent, Surfx's meeting with Matthew Phillips, Surfx's written notice to Matthew Phillips regarding the Patents-in-Suit, and that, on information and belief, Defendants were following the development of Surfx's patent portfolio, Defendants had pre-suit knowledge of the Patents-in-Suit and were aware that their plasma products had been accused of having features and operating in a manner that falls within the scope of the claims of the Patents-in-Suit.

45.    Defendants hold themselves out as manufacturers and marketers of atmospheric plasma products with specialized expertise in this field and thus possessed the domain knowledge to understand the content and scope of Surfx's patented technology, including the Patents-in-Suit. On information and belief, based on their knowledge of their own plasma products, Defendants understood, upon acquiring knowledge of the '485 Patent no later than January 26, 2018 and of the other Patents-in-Suit when they issued, that certain of their products comprised features and operated in a manner that fell within the scope of the claims of the Patents-in-Suit.

## ONTOS AND SETNA'S INFRINGING PRODUCTS

46.    Defendants infringe Surfx's patents, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling in the United States and/or importing into the United States, as well as exporting outside of the United States for assembly abroad, atmospheric plasma products that fall within the scope of the claims of the Patents-in-Suit. Defendants' infringing products include, for example and without limitation:

10

(i)      OntosIS (OEM) Atmospheric Plasma System ("ONTOSIS").  On information and belief, the ONTOSIS product is made, used, offered for sale, sold, and/or imported into the United States, as well as exported from the United States for assembly outside of the United States;

(ii)     ONTOS CLEAN.  On information and belief, the ONTOS CLEAN product is made, used, offered for sale, sold, and/or imported into the United States; and

(iii)    Products sold with an infringing ONTOSIS plasma system including, for example, the FC300 Flip-Chip Bonder.  On information and belief, the FC300 Flip-Chip Bonder is made, used, offered for sale and/or sold in the United States and abroad, including in Asia and Europe.

Defendants' infringing products are collectively referred to hereinafter as the "Accused Products."

47.     On information and belief, the Accused Products share the same or substantially similar underlying technology, including atmospheric plasma technology that infringes the Patents-in-Suit.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 9,406,485

48.     Surfx realleges and incorporates by reference paragraphs 1-47 as though fully set forth herein.

49.     Defendants have directly infringed and continue to infringe one or more claims of the '485 Patent, either literally or under the doctrine of equivalents, including at least Claims 1, 2, 4, 7-8, 11, and 12, under 35 U.S.C. § 271(a) by making, using (including testing), offering for sale, and/or selling the Accused Products in the United States, and/or importing such products into the United States, including in this District.  Defendants further infringe at least Claims 13, 14, 17, 18,

21, and 22 under 35 U.S.C. § 271(a) by using the Accused Products, including through testing of such products, in the United States, including in this District.

50.    For illustrative purposes only, Surfx sets forth in Exhibit 5 a non-limiting description showing Defendants' infringement of the '485 Patent, including as to at least Claim 1.

51.    On information and belief, Defendants had knowledge of the '485 Patent no later than January 26, 2018.  *See supra* ¶¶ 36-45.

52.    On information and belief, as sophisticated users of the patent system and active participants in a specialized and closely followed industry in which the Patents-in-Suit are widely recognized and in which participants closely follow technological developments and intellectual property within the field, and based on the fact that Defendants were put on actual notice of the '485 Patent by ONTOS' patent citing the '485 Patent as prior art and by Surfx's letter expressly identifying the '485 Patent and demanding cessation of infringement, Defendants knew or were willfully blind to the fact that the Accused Products include the same features as described in one or more claims of the '485 Patent.

53.    Defendants have been actively and knowingly inducing and are continuing to induce the infringement of one or more claims of the '485 Patent under 35 U.S.C. § 271(b).  On information and belief, Defendants encourage, instruct, and aid one or more persons in the United States, including but not limited to their customers who (1) test and/or operate the Accused Products in the United States, and/or (2) make infringing products by integrating the Accused Products (*e.g.*, ONTOSIS) with other equipment at the direction of the Defendants, to make, use (including testing those products), offer to sell, and/or sell one or more of the Accused Products in a manner that infringes the '485 Patent.  For example, Defendants provide brochures, presentations and promotional literature on their websites that instruct third parties on how to use the Accused

12

Products in a manner that infringes exemplary Claim 1 of the '485 Patent as described in Exhibit 5 and/or to use the Accused Products (*e.g.*, ONTOSIS) to form infringing products. *See, e.g.*, https://set-na.com/pdfs/JNTE-2019-Grenoble-16_9.pdf and https://ontosplasma.com/wp-content/uploads/2024/09/Ontos-Brochure-v2.pdf (ONTOSIS product marketed as comprising "OEM Components for integration into customer equipment."). On information and belief, customers in the United States have directly infringed and continue to directly infringe the '485 Patent by using and testing the Accused Products, and/or making infringing products with the Accused Products and using such products, in accordance with Defendants' instructions and guidance. Defendants have had actual knowledge or have been willfully blind to the fact that such acts, where they have encouraged, instructed, and aided their customers, constitute direct infringement of the '485 Patent.

54.    Defendants have been contributorily infringing and are continuing to contributorily infringe one or more claims of the '485 Patent under 35 U.S.C. § 271(c). Defendants' affirmative acts of making, selling, and offering to sell the Accused Products and/or importing such products into the United States, and/or causing the Accused Products to be manufactured, used, sold, offered for sale, and/or imported contribute to their customers' use of the Accused Products in a manner that infringes ones or more claims of the '485 Patent and/or use of the Accused Products (*e.g.*, ONTOSIS) to form infringing products, such that the '485 Patent is directly infringed. On information and belief, the accused components within the Accused Products are material to the invention of the '485 Patent, are not staple articles or commodities of commerce, and have no substantial non-infringing use. *See, e.g.*, https://ontosplasma.com/wp-content/uploads/2024/09/Ontos-Brochure-v2.pdf (ONTOSIS comprising "OEM Components for integration into customer equipment," including "Digital Mass Flow controllers," "13.56 MHz RF

generator [with] a wide-range auto-tune matching network" and "Software Module"; ONTOS CLEAN comprising "Standard/Double Plasma Head"). Defendants have had actual knowledge or have been willfully blind to the fact that such components are so made or adapted. Defendants have performed and continue to perform these affirmative acts with knowledge of the '485 Patent no later than January 26, 2018 and with intent, or willful blindness, that they cause customers to directly infringe the '485 Patent.

55. Defendants have infringed and continue to infringe one or more apparatus claims of the '485 Patent under 35 U.S.C. § 271(f)(1) by supplying, and/or causing to be supplied, in or from the United States all or a substantial portion of the components of the patented invention, including for example, all or a substantial portion of ONTOSIS, *see, e.g.*, https://ontosplasma.com/wp-content/uploads/2024/09/Ontos-Brochure-v2.pdf (ONTOSIS product comprising "OEM Components for integration into customer equipment," including "Digital Mass Flow controllers," "13.56 MHz RF generator [with] a wide-range auto-tune matching network" and "Software Module"), for combination at facilities overseas for sale outside of the United States. *See, e.g.*, https://set-sas.fr/catalog/atmospheric-plasma (FC300 Flip-Chip Bonder integrated with ONTOSIS offered on French website stating that "[t]he ONTOS IS system is available on the FC300 Flip-Chip Bonder."). Defendants have had actual knowledge or have been willfully blind to the fact that certain products made, offered for sale and/or sold abroad (*e.g.*, the FC300 Flip-Chip Bonder integrated with ONTOSIS) are made by combining such accused components supplied from the United States. On information and belief, such components are supplied by Defendants, or caused by Defendants to be supplied, in uncombined form, whether entirely or partially unassembled, for combination outside the United States. Defendants have had knowledge of the '485 Patent no later than January 26, 2018, and have had actual knowledge or

have been willfully blind to the fact that such products (*e.g.*, the FC300 Flip-Chip Bonder integrated with ONTOSIS) are made by combining such components at facilities overseas and would infringe the '485 Patent if such combination occurred within the United States. Despite that knowledge, Defendants have supplied and/or caused to be supplied such components from the United States intending that such components be combined outside the United States in a manner that would infringe one or more claims of the '485 Patent if the combination occurred within the United States. Defendants have actively induced and continue to actively induce the combination outside of the United States, including by supplying or causing to be supplied such components and providing instructions, guides and other information that encourage, direct, and facilitate the combining of such components outside of the United States.

56.    Defendants have infringed and continue to infringe one or more apparatus claims of the '485 Patent under 35 U.S.C. § 271(f)(2) by supplying, and/or causing to be supplied, in or from the United States one or more components of the patented invention, including for example, one or more components of ONTOSIS, *see, e.g.*, https://ontosplasma.com/wp-content/uploads/2024/09/Ontos-Brochure-v2.pdf (ONTOSIS product comprising "OEM Components for integration into customer equipment," including "Digital Mass Flow controllers," "13.56 MHz RF generator [with] a wide-range auto-tune matching network" and "Software Module"), for combination at facilities overseas for sale outside of the United States. *See, e.g.*, https://set-sas.fr/catalog/atmospheric-plasma (FC300 Flip-Chip Bonder integrated with ONTOSIS offered on French website stating that "[t]he ONTOS IS system is available on the FC300 Flip-Chip Bonder."). On information and belief, the accused components of ONTOSIS are especially made or adapted for practicing the invention of the '485 Patent, are not staple articles or commodities of commerce, and have no substantial non-infringing use. Defendants have supplied

or caused the supply of such components with knowledge or willful blindness that such components are so made or adapted, and with knowledge or willful blindness that such components would be combined outside of the United States. On information and belief, such components are supplied by Defendants, or caused by Defendants to be supplied, in uncombined form, whether entirely or partially unassembled, for combination outside the United States. Defendants have supplied or caused the supply of such components intending that such components will be combined outside of the United States in a manner that would infringe the '485 Patent if such combination occurred within the United States. Defendants have provided instructions, guides and other information to induce combining these components and intended that they will be combined and used together.

57.    Defendants' infringement has caused, and will continue to cause, damage to Surfx. Surfx is entitled to recover the compensatory damages resulting from Defendants' wrongful acts in an amount to be determined at trial, including but not limited to lost profits from lost sales, Defendants' profits gained from their infringing sales, and in any event no less than a reasonable royalty, together with interest and costs as fixed by the Court.

58.    Defendants' infringement has caused, and will continue to cause, irreparable injury to Surfx, for which damages are an inadequate remedy, unless Defendants are enjoined from any and all activities that would infringe the claims of the '485 Patent.

59.    Defendants' infringement has been and continues to be willful and deliberate, justifying a trebling of damages under 35 U.S.C. § 284. As described above, Defendants have been aware of the '485 Patent and their infringement no later than January 26, 2018. Defendants have infringed and continue to infringe the '485 Patent with full knowledge of that patent and its applicability to Defendants' products. Defendants' conduct despite that knowledge has been and

16

is occurring with both objective and subjective reckless disregard for the infringing nature of their activities. Defendants' infringement is therefore egregious and exceptional and entitles Surfx to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 10,032,609

60.    Surfx realleges and incorporates by reference paragraphs 1-59 as though fully set forth herein.

61.    Defendants have directly infringed and continue to infringe one or more claims of the '609 Patent, either literally or under the doctrine of equivalents, including at least Claims 1-7 and 10-13, under 35 U.S.C. § 271(a) by using the Accused Products, including through testing of such products, in the United States, including in this District.

62.    For illustrative purposes only, Surfx sets forth in Exhibit 6 a non-limiting description showing Defendants' infringement of the '609 Patent, including with respect to at least Claim 1.

63.    On information and belief, Defendants had knowledge of the '609 Patent no later than July 24, 2018. *See supra* ¶¶ 36-45.

64.    On information and belief, as sophisticated users of the patent system and active participants in a specialized and closely followed industry in which the Patents-in-Suit are widely recognized and in which participants closely follow technological developments and intellectual property within the field, and based on the fact that Defendants were put on actual notice of the '609 Patent by ONTOS' patent citing the parent patent of the '609 Patent as prior art, and Surfx's letter expressly identifying the '609 Patent and demanding cessation of infringement, Defendants knew or were willfully blind to the fact that the Accused Products perform methods that practice the same steps as claimed in one or more claims of the '609 Patent.

65.     Defendants have been actively and knowingly inducing, and are continuing to induce, the infringement of one or more claims of the '609 Patent under 35 U.S.C. § 271(b).   On information and belief, Defendants encourage, instruct, and aid one or more persons in the United States, including but not limited to their customers who test and/or operate the Accused Products at the direction of Defendants, to use one or more of the Accused Products in a manner that infringes the '609 Patent.  For example, Defendants specifically intended to cause such infringing use by providing brochures, presentations and promotional literature on their websites that instruct customers and other third parties on how to use the Accused Products in a manner that infringes exemplary Claim 1 of the '609 Patent as described in Exhibit 6.  *See, e.g.*, https://set-na.com/pdfs/JNTE-2019-Grenoble-16_9.pdf        and        https://ontosplasma.com/wp-content/uploads/2024/09/Ontos-Brochure-v2.pdf.   On information and belief, customers in the United States have directly infringed and continue to directly infringe the '609 Patent by using and testing the Accused Products in accordance with Defendants' instructions and guidance. Defendants have had actual knowledge or have been willfully blind to the fact that such acts, where they have encouraged, instructed, and aided their customers, constitute direct infringement of the '609 Patent.

66.     Defendants have been contributorily infringing and are continuing to contributorily infringe one or more claims of the '609 Patent under 35 U.S.C. § 271(c).  Defendants' affirmative acts of making, selling, and offering to sell the Accused Products, importing such products into the United States, and/or causing the Accused Products to be manufactured, used, sold, offered for sale and/or imported, contribute to their customers' use of the Accused Products in a manner that infringes one or more claims of the '609 Patent, such that the '609 Patent is directly infringed.  On information and belief, the accused components within the Accused Products are material to the

invention of the '609 Patent, are not staple articles or commodities of commerce, and have no substantial non-infringing use. *See, e.g.,* https://ontosplasma.com/wp-content/uploads/2024/09/Ontos-Brochure-v2.pdf (ONTOSIS product comprising "OEM Components for integration into customer equipment," including "Digital Mass Flow controllers," "13.56 MHz RF generator [with] a wide-range auto-tune matching network" and "Software Module"; ONTOS CLEAN comprising "Standard/Double Plasma Head").  Defendants have had actual knowledge or have been willfully blind to the fact that such components are so made or adapted.  Defendants have performed and continue to perform these affirmative acts with knowledge of the '609 Patent no later than July 24, 2018 and with intent, or willful blindness, that they cause customers to directly infringe the '609 Patent.

67.     Defendants' infringement has caused, and will continue to cause, damage to Surfx. Surfx is entitled to recover the compensatory damages resulting from Defendants' wrongful acts in an amount to be determined at trial, including but not limited to lost profits from lost sales, Defendants' profits gained from their infringing sales, and in any event no less than a reasonable royalty, together with interest and costs as fixed by the Court.

68.     Defendants' infringement has caused, and will continue to cause, irreparable injury to Surfx, for which damages are an inadequate remedy, unless Defendants are enjoined from any and all activities that would infringe the claims of the '609 Patent.

69.     Defendants' infringement has been and continues to be willful and deliberate, justifying a trebling of damages under 35 U.S.C. § 284.  As described above, Defendants have been aware of the '609 Patent and their infringement no later than July 24, 2018.  Defendants have infringed and continue to infringe the '609 Patent with full knowledge of that patent and its applicability to Defendants' products.  Defendants' conduct despite that knowledge has been and

is occurring with both objective and subjective reckless disregard for the infringing nature of their activities.  Defendants' infringement is therefore egregious and exceptional and entitles Surfx to attorneys' fees and costs under 35 U.S.C. § 285.

**COUNT III**
**INFRINGEMENT OF U.S. PATENT NO. 10,800,092**

70.     Surfx realleges and incorporates by reference paragraphs 1-69 as though fully set forth herein.

71.     On information and belief, Defendants have directly infringed and continue to infringe one or more claims of the '092 Patent, either literally or under the doctrine of equivalents, including at least Claims 1-7, 10-11, and 14-20, under 35 U.S.C. § 271(a) by using the Accused Products, including through testing of such products, in the United States, including in this District.

72.     For illustrative purposes only, Surfx sets forth in Exhibit 7 a non-limiting description showing Defendants' infringement of the '092 Patent including at least Claim 1.

73.     On information and belief, Defendants had knowledge of the '092 Patent no later than October 13, 2020.  *See supra* ¶¶ 36-45.

74.     On information and belief, as sophisticated users of the patent system and active participants in a specialized and closely followed industry in which the Patents-in-Suit are widely recognized and in which participants closely follow technological developments and intellectual property within the field, and based on the fact that Defendants were put on actual notice of the '092 Patent by ONTOS' patent citing the parent patent of the '092 Patent as prior art, and Surfx's letter expressly identifying the '092 Patent and demanding cessation of infringement, Defendants knew or were willfully blind to the fact that the Accused Products perform methods that practice the same steps as claimed in one or more claims of the '092 Patent.

75.     Defendants have been actively and knowingly inducing and are continuing to induce the infringement of one or more claims of the '092 Patent under 35 U.S.C. § 271(b).  On information and belief, Defendants encourage, instruct, and aid one or more persons in the United States, including but not limited to their customers who test and/or operate the Accused Products at the direction of Defendants, to use one or more of the Accused Products in a manner that infringes the '092 Patent.  For example, Defendants specifically intended to cause such infringing use by providing brochures, presentations and promotional literature on their websites that instruct customers and other third parties on how to use the Accused Products in a manner that infringes exemplary Claim 1 of the '092 Patent as described in Exhibit 7. *See, e.g.*, https://set-na.com/pdfs/JNTE-2019-Grenoble-16_9.pdf           and           https://ontosplasma.com/wp-content/uploads/2024/09/Ontos-Brochure-v2.pdf.   On information and belief, customers in the United States have directly infringed and continue to directly infringe the '092 Patent by using and testing the Accused Products in accordance with Defendants' instructions and guidance. Defendants have had actual knowledge or have been willfully blind to the fact that such acts, where they have encouraged, instructed, and aided their customers, constitute direct infringement of the '092 Patent.

76.     Defendants have been contributorily infringing and are continuing to contributorily infringe one or more claims of the '092 Patent under 35 U.S.C. § 271(c).  Defendants' affirmative acts of making, selling, and offering to sell the Accused Products, and/or importing such products into the United States, and/or causing the Accused Products to be manufactured, used, sold, offered for sale and/or imported, contribute to their customers' use of the Accused Products in a manner that infringes one or more claims of the '092 Patent, such that the '092 Patent is directly infringed. On information and belief, the accused components within the Accused Products are material to

the invention of the '092 Patent, are not staple articles or commodities of commerce, and have no substantial non-infringing use. *See, e.g.,* https://ontosplasma.com/wp-content/uploads/2024/09/Ontos-Brochure-v2.pdf (ONTOSIS product comprising "OEM Components for integration into customer equipment," including "Digital Mass Flow controllers," "13.56 MHz RF generator [with] a wide-range auto-tune matching network" and "Software Module"; ONTOS CLEAN comprising "Standard/Double Plasma Head").  Defendants have had actual knowledge or have been willfully blind to the fact that such components are so made or adapted.  Defendants have performed and continue to perform these affirmative acts with knowledge of the '092 Patent no later than October 13, 2020 and with intent, or willful blindness, that they cause customers to directly infringe the '092 Patent.

77.     Defendants' infringement has caused, and will continue to cause, damage to Surfx. Surfx is entitled to recover the compensatory damages resulting from Defendants' wrongful acts in an amount to be determined at trial, including but not limited to lost profits from lost sales, Defendants' profits gained from their infringing sales, and in any event no less than a reasonable royalty, together with interest and costs as fixed by the Court.

78.     Defendants' infringement has caused, and will continue to cause, irreparable injury to Surfx, for which damages are an inadequate remedy, unless Defendants are enjoined from any and all activities that would infringe the claims of the '092 Patent.

79.     Defendants' infringement has been and continues to be willful and deliberate, justifying a trebling of damages under 35 U.S.C. § 284.  As described above, Defendants have been aware of the '092 Patent and their infringement no later than October 13, 2020.  Defendants have infringed and continue to infringe the '092 Patent with full knowledge of that patent and its applicability to Defendants' products.  Defendants' conduct despite that knowledge has been and

22

is occurring with both objective and subjective reckless disregard for the infringing nature of their activities. Defendants' infringement is therefore egregious and exceptional and entitles Surfx to attorneys' fees and costs under 35 U.S.C. § 285.

**COUNT IV**
**INFRINGEMENT OF U.S. PATENT NO. 11,518,082**

80. Surfx realleges and incorporates by reference paragraphs 1-79 as though fully set forth herein.

81. On information and belief, Defendants have directly infringed and continue to infringe one or more claims of the '082 Patent, either literally or under the doctrine of equivalents, including at least Claims 1-8 and 10, under 35 U.S.C. § 271(a) by using the Accused Products, including through testing of such products, in the United States, including in this District.

82. For illustrative purposes only, Surfx sets forth in Exhibit 8 a non-limiting description showing Defendants' infringement of the '082 Patent including at least Claim 1.

83. On information and belief, Defendants had knowledge of the '082 Patent no later than December 6, 2022. *See supra* ¶¶ 36-45.

84. On information and belief, as sophisticated users of the patent system and active participants in a specialized and closely followed industry in which the Patents-in-Suit are widely recognized and in which participants closely follow technological developments and intellectual property within the field, and based on the fact that Defendants were put on actual notice of the '082 Patent by ONTOS' patent citing the parent patent of the '082 Patent as prior art, and Surfx's letter expressly identifying the '082 Patent and demanding cessation of infringement, Defendants knew or were willfully blind to the fact that the Accused Products perform methods that practice the same steps as claimed in one or more claims of the '082 Patent.

23

85.     Defendants have been actively and knowingly inducing and are continuing to induce the infringement of one or more claims of the '082 Patent under 35 U.S.C. § 271(b).  On information and belief, Defendants encourage, instruct, and aid one or more persons in the United States, including but not limited to their customers who test and/or operate the Accused Products at the direction of Defendants, to use one or more of the Accused Products in a manner that infringes the '082 Patent.  For example, Defendants specifically intended to cause such infringing use by providing brochures, presentations and promotional literature on their websites that instruct customers and other third parties on how to use the Accused Products in a manner that infringes exemplary Claim 1 of the '082 Patent as described in Exhibit 8.  *See, e.g.*, https://set-na.com/pdfs/JNTE-2019-Grenoble-16_9.pdf            and            https://ontosplasma.com/wp-content/uploads/2024/09/Ontos-Brochure-v2.pdf.  On information and belief, customers in the United States have directly infringed and continue to directly infringe the '082 Patent by using and testing the Accused Products in accordance with Defendants' instructions and guidance. Defendants have had actual knowledge or have been willfully blind to the fact that such acts, where they have encouraged, instructed, and aided their customers, constitute direct infringement of the '082 Patent.

86.     Defendants have been contributorily infringing and are continuing to contributorily infringe one or more claims of the '082 Patent under 35 U.S.C. § 271(c).  Defendants' affirmative acts of making, selling and offering to sell the Accused Products, importing such products into the United States, and/or causing the Accused Products to be manufactured, used, sold, offered for sale and/or imported contribute to their customers' use of the Accused Products in a manner that infringes one or more claims of the '082 Patent, such that the '082 Patent is directly infringed.  On information and belief, the accused components within the Accused Products are material to the

24

invention of the '082 Patent, are not staple articles or commodities of commerce, and have no substantial non-infringing use. *See, e.g.,* https://ontosplasma.com/wp-content/uploads/2024/09/Ontos-Brochure-v2.pdf (ONTOSIS product comprising "OEM Components for integration into customer equipment," including "Digital Mass Flow controllers," "13.56 MHz RF generator [with] a wide-range auto-tune matching network" and "Software Module"; ONTOS CLEAN comprising "Standard/Double Plasma Head").  Defendants have had actual knowledge or have been willfully blind to the fact that such components are so made or adapted.  Defendants have performed and continue to perform these affirmative acts with knowledge of the '082 Patent no later than December 6, 2022 and with intent, or willful blindness, that they cause customers to directly infringe the '082 Patent.

87.    Defendants' infringement has caused, and will continue to cause, damage to Surfx. Surfx is entitled to recover the compensatory damages resulting from Defendants' wrongful acts in an amount to be determined at trial, including but not limited to lost profits from lost sales, Defendants' profits gained from their infringing sales, and in any event no less than a reasonable royalty, together with interest and costs as fixed by the Court.

88.    Defendants' infringement has caused, and will continue to cause, irreparable injury to Surfx, for which damages are an inadequate remedy, unless Defendants are enjoined from any and all activities that would infringe the claims of the '082 Patent.

89.    Defendants' infringement has been and continues to be willful and deliberate, justifying a trebling of damages under 35 U.S.C. § 284.  As described above, Defendants have been aware of the '082 Patent and their infringement no later than December 6, 2022.  Defendants have infringed and continue to infringe the '092 Patent with full knowledge of that patent and its applicability to Defendants' products.  Defendants' conduct despite that knowledge has been and

is occurring with both objective and subjective reckless disregard for the infringing nature of their activities.  Defendants' infringement is therefore egregious and exceptional and entitles Surfx to attorneys' fees and costs under 35 U.S.C. § 285.

<strong><u>PRAYER FOR RELIEF</u></strong>

WHEREFORE, Surfx respectfully requests that the Court enter judgment in its favor and against Defendants, and award the following relief:

A.    A judgment in favor of Surfx that Defendants have infringed the '485, '609, '092 and '082 Patents pursuant to 35 U.S.C. § 271;

B.    An order that Defendants and those in privity with Defendants be permanently enjoined from infringing and/or inducing and/or contributing to the infringement of the '485, '609, '092, and '082 Patents;

C.    An award of damages against Defendants, jointly and severally, adequate to compensate Surfx for infringement of the '485, '609, '092, and '082 Patents, but in no event less than a reasonable royalty, together with prejudgment interest, costs and disbursements as fixed by the Court;

D.    A judgment and order finding that Defendants' infringement has been willful and accordingly an award of enhanced damages pursuant to 35 U.S.C. § 284;

E.    A judgment and order declaring that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Surfx reasonable attorneys' fees and costs against Defendants; and

F.    Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff Surfx hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure as to all claims and issues so triable.

Dated: June 2, 2026

Respectfully submitted,

*/s/ Robert R. Lucic*
Robert R. Lucic (NH Bar #9062)
**SHEEHAN PHINNEY BASS & GREEN, P.A.**
1000 Elm Street, 17th Floor
Manchester, NH  03105-3701
(603) 627-8188
rlucic@sheehan.com

Bryanna K. Devonshire (NH Bar #269462)
**SHEEHAN PHINNEY BASS & GREEN, P.A.**
145 Maplewood Ave, Suite 120
Portsmouth, NH 03801
(603) 627-8109
bdevonshire@sheehan.com

Brian Paul Gearing (Pro Hac to be filed)
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
1200 Seventeenth Street, NW
Washington, DC 20036
(Tel) 202.663.8000
(Fax) 202.663.8007
Brian.gearing@pillsburylaw.com

Christopher Kao (Pro Hac to be filed)
Surui Qu (Pro Hac to be filed)
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
(Tel) 415.983.1000
(Fax) 415.983.1200
christopher.kao@pillsburylaw.com
surui.qu@pillsburylaw.com

27

Michael F. Grosso (Pro Hac to be filed)
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
7900 Tysons One Place, Suite 500
Tysons, VA 22102
(Tel) 703.770.7900
(Fax) 703.770.7901
michael.grosso@pillsburylaw.com


*Attorneys for Plaintiff Surfx Technologies, LLC*